John H. Wilson v. Annette Guyer, Executrix of the
Estate of Samuel S. Guyer, Deceased, et al.

1. INSURANCE—*Estoppel to Claim.*—G., being a director in an incor-
porated company, chargeable with notice, as well as having actual
notice of the covenants in a trust deed upon the property of the com-
pany, took out an insurance policy on the property of the company, pay-
able to the trustee, and afterward knowingly participated as director in
having other insurance issued, payable to himself and others, which
directly·damaged the trustee's claim, by scaling down his insurance by
reason of the *pro rata* clauses contained in the various policies. He
was held to be estopped in equity from claiming his own insurance, so
far as it has the effect to scale down and diminish the trustee's security.

Memorandum.—In chancery. Error to the Circuit Court of Rock
Island County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in
this court at the December term, 1893. Reversed and remanded.
Opinion filed May 22, 1894.

The opinion states the case.

Sweeney & Walker and G. W. & J. T. Kretzinger, attorneys for plaintiff in error.

Peck, Miller & Starr, attorneys for defendants in error; E. H. Guyer, of counsel.

Mr. Justice Lacey delivered the opinion of the Court.

This is the same case that was in this court on appeal and decided in the opinion which will be found in 36 Appellate Court Reports, page 53, which opinion is referred to for a full statement of the facts, and also for the grounds upon which the case was decided.

The defendants in error, Annette Guyer, executrix of the estate of Samuel S. Guyer, deceased, Edward H. Guyer and Annette Guyer, his son and daughter, sued out a writ of error from the Supreme Court to this court, and the cause was removed to that court, and upon a hearing therein the court reversed the judgment of this court, so far as it affected the defendants in error, and remanded the cause to the Circuit Court. See 139th Ill., page 392. The grounds for the reversal of the judgment of this court were, that the court below upon demurrer to the bill filed by the appellants was sustained, and the bill dismissed, as to them at a former term of the Circuit Court, to that at which the final decree was rendered, from which the appeal was taken to this court, and that a repetition of the order of dismissal of the bill as to appellants was a mere nullity; that the appellants had already been discharged by the court, and the court was powerless at a subsequent term to enter any order affecting their rights, or of which they were bound to take notice; that appellee should have aṕ `?d from the first order of dismissal. The merits of t́ ̣ase were not considered or passed upon by the Sv́ ̣me Court. None of the other parties to the suit assigned errors on the record in the Supreme Court, therefore the judgment of this court was not affected by the decision in the Supreme Court as to them.

The opinion of the Supreme Court is referred to for a further statement of the facts.

The plaintiff in error has now sued out a writ of error from this to the Circuit Court for hearing the question of the rightfulness of the dismissal of plaintiff in error's bill upon sustaining defendant in error's demurrer thereto mentioned in the opinion of the Supreme Court. We are now called upon to reconsider the case and to determine whether the court below erred in sustaining defendant in error's demurrer, the plaintiff in error's bill, and in dismissing it.

We have considered the case carefully on the re-argument by counsel for both sides and see no reason to change our opinion formed and expressed in the former adjudication. Without calling attention to the various allegations of the bill we will say in brief that Samuel S. Guyer, being a director and chargeable with notice, as well as having actual notice of the covenants in the trust deed, took an insurance policy in the company payable to plaintiff in error and afterward knowingly participated as director in having other insurance issued payable to himself and others, which directly damages plaintiff in error's claim by scaling down plaintiff in error's insurance by reason of the *pro rata* clauses contained in the various policies.

We think, equitably, plaintiff in error is estopped from claiming his own insurance, so far as it has the effect to scale down and diminish plaintiff in error's security.

The decree of the court below sustaining defendant in error's demurrer and dismissing plaintiff in error's bill is reversed and the cause remanded with leave to defendants in error to answer.